UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| DEBRAH ANNE FULLER-DAVIS | : | CASE NUMBER A15-54635-CRM |
| DEBTOR | : | JUDGE MULLINS |

**CHAPTER 13 TRUSTEE'S OBJECTION TO**
**CONFIRMATION AND MOTION TO DISMISS CASE**

COMES NOW, Nancy J. Whaley, the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible.  11 U.S.C. 1325(a)(6).

2.

The Chapter 13 Trustee requests proof of the post petition mortgage payments in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

3.

The Trustee requests a copy of the 2014 tax return filed with the Internal Revenue Service and proof fo post-petition self-employment income in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

4.

Debtor's Schedule I reflects a contribution from her daughter of $550.00 per month.  The Trustee requests documentation regarding this contribution, including, but not limited to, a notarized affidavit executed by the contributor which states the date the contribution began and how long it is expected to continue.  If the contribution is from rental income, the Trustee requests documentation such as a copy of the written lease or a notarized affidavit from the lessee. 11 U.S.C. Section 1325(a)(6).

5.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income of $1,200.00 per month, and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

6.

The plan fails to treat Badcock in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

7.

The plan fails to treat United Consumer Financial Services (Kirby) in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan, and to dismiss the case.

Respectfully submitted,

/s/
Maria J. Kirtland,
Attorney for Chapter 13 Trustee
GA Bar No. 118350
303 Peachtree Center Ave., NE
Suite 120
Atlanta, GA  30303
(678) 992-1201

/sh

# CERTIFICATE OF SERVICE

Case No: A15-54635-CRM

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s):**
DEBRAH ANNE FULLER-DAVIS
25 PEBBLE BROOKE COURT
COVINGTON, GA  30016

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection through the Court's Electronic Case Filing system.

**Attorney for the Debtor(s):**
ROBERT J. SEMRAD & ASSOCIATES, LLC
rjsatlcourtdocs@gmail.com

This the 15th day of April, 2015.

/s/_____
   Maria J. Kirtland
   Attorney for the Chapter 13 Trustee
   State Bar No. 118350
   303 Peachtree Center Avenue, NE
   Suite 120
   Atlanta, GA 30303
   678-992-1201